IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:15-cr-511-KKD-GMB |
| ) | |
| TREMANE DARNELL CARTHEN ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court is the Motion to Dismiss All Charges Against Defendant(s) (Doc. 96) filed by Defendant Tremane Darnell Carthen. The court held an evidentiary hearing on the motion on June 15, 2016, *see* Doc. 116, and has considered the motion and the authorities cited therein. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendant's motion be DENIED.

**I.  BACKGROUND**

Defendant, along with two co-conspirators, has been indicted for a conspiracy to commit robberies affecting commerce in violation of 18 U.S.C. § 1951(a) (Count One), three robberies in violation of 18 U.S.C. § 1951(a) (Counts Two, Four, and Six), three counts of brandishing a firearm during the robberies in violation of 18 U.S.C. § 924(c) (Count Three, Five, and Seven), and the possession of a firearm following a felony conviction in violation of 18 U.S.C. § 922(g)(1) (Count Eight). *See* Doc. 4. The alleged criminal conduct occurred from July 4, 2014 through July 24, 2014, *see* Doc. 4, and soon thereafter Defendant was arrested and detained on state charges arising out of this course of conduct.

On October 8, 2015, United States Magistrate Judge Charles S. Coody authorized

a criminal complaint against Defendant for his role in one of the robberies. Doc. 1. A federal Grand Jury sitting within the Middle District of Alabama then returned the indictment against Defendant on November 19, 2015. Doc. 4. The court issued a Writ of Habeas Corpus Ad Prosequendum to have Defendant transferred into federal custody, and he was arraigned on January 6, 2016. Doc. 40.

    The court set his case for the April 4, 2014 trial term, and in so doing excluded from Speedy Trial Act calculations the time from January 6, 2016 to April 4, 2016 based on "the nature of the case which involves multiples charges some of which involve weapons, the parties' need for adequate time for discovery which is voluminous and the need for counsel to have adequate time for trial preparation in a case involving at least 20 prosecution witnesses." Doc. 40 at 2–3. On March 9, 2016, the court granted a co-defendant's unopposed motion to continue the trial, extending the trial date to August 1, 2016 and excluding the time from April 4, 2016 through the new trial date for Speedy Trial Act purposes. Doc. 61. The basis for this continuance was the need to allow adequate time to resolve pending pretrial motions filed by the defendants. Doc. 61.

    Defendant filed his *pro se* motion to dismiss on June 1, 2016. Doc. 96. The Government moved to strike this *pro se* pleading because Defendant has appointed counsel, Doc. 100, but orally moved to withdraw the motion to strike after Defendant's counsel indicated his intention to adopt the *pro se* motion as his own. Doc. 114. The court granted this oral motion and has considered the merits of Defendant's motion to dismiss. *See* Doc. 115.

## II. DISCUSSION

Defendant argues that the delay between his alleged offenses and his upcoming trial necessitates that all charges against him be dismissed. The court will discuss Defendant's arguments regarding pre-indictment and post-indictment delay in turn. Defendant also argues for dismissal based on the sufficiency of the evidence supporting the conspiracy charge pending against him.

**A.     Pre-Indictment Delay**

Defendant first complains about the 16-month delay between the alleged offenses and his indictment. In this context, statutes of limitations "provide predictable, legislatively enacted limits on prosecutorial delay" and are "the primary guarantee [against] overly stale criminal charges." *United States v. Lovasco*, 431 U.S. 783, 789 (1977) (internal citations and quotations omitted). Here, the operative statute of limitations is five years. *See* 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."); *see also* 18 U.S.C. § 1951 (failing to designate an alternative limitation period); 18 U.S.C. § 922 (same); 18 U.S.C. § 924 (same). Defendant was thus indictment more than three years before the limitations period expired.

Although the statute of limitations is the first line of defense against pre-indictment delay, "the Due Process Clause has a limited role to play in protecting against oppressive delay." *Lovasco*, 431 U.S. at 789. Specifically, "when a defendant shows actual,

substantial prejudice, due process may require dismissal of an indictment, brought within the statutory period, if the government intentionally delayed prosecuting the case in order to gain a tactical advantage over the accused." *United States v. Keel*, 254 Fed. App'x 759, 760 (11th Cir. 2007) (citing *United States v. Marion*, 404 U.S. 307, 322 (1971)). It is Defendant's burden to show both actual prejudice and deliberate delay, and delay for investigative purposes does not qualify. *Keel*, 254 Fed. App'x at 760 (citing *United States v. Solomon*, 686 F.2d 863, 871 (11th Cir. 1982)); *Lovasco*, 431 U.S. at 795 ("[I]nvestigative delay is fundamentally unlike delay undertaken by the Government solely to gain tactical advantage over the accused.") (citations and quotations omitted).

Defendant has wholly failed to meet this burden. His motion does not identify any actual prejudice or claim intentional delay for tactical purposes. Moreover, the court held an evidentiary hearing regarding this motion on June 15, 2016, but Defendant did not call any witnesses or present evidence relating to prejudice or delay, instead focusing his argument only on the time elapsed since the offenses. Even if the delay had been more substantial, the law simply does not allow the court to assume away Defendant's burden. *E.g.*, *Stoner v. Graddick*, 751 F.2d 1535, 1544 (11th Cir. 1985) ("[T]he law in this circuit is that prejudice will not be presumed because of a lengthy delay."). Defendant's motion for dismissal on this basis is due to be denied.

**B.      Post-Indictment Delay**

The reasonableness of post-indictment delay is governed primarily by the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. "The Speedy Trial Act provides that the trial of any

criminal defendant who pleads not guilty must begin within seventy days of the filing of the indictment or the date on which the defendant first appears before a judicial officer of the court in which the charges are pending, whichever occurs later." *United States v. Davenport*, 935 F.2d 1223, 1227 (11th Cir. 1991) (citing 18 U.S.C. § 3161(c)(1)).  While a violation of the 70-day limit requires the dismissal of a defendant's charges, the Speedy Trial Act provides a number of automatic exclusions from this calculation. *See* 18 U.S.C. § 3162(a)(1) (requiring dismissal for Speedy Trial Act violations); *Henderson v. United States*, 476 U.S. 321, 330 (1986) (holding that the exclusions are automatic).  The Speedy Trial clock exclusions include:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3162(h)(7)(A).  The court must set forth its reasons for this finding, and should be guided by factors such as whether the continuance will "result in a miscarriage of justice" and whether the case is "so unusual and so complex" that a setting within 70 days is unreasonable. 18 U.S.C. §§ 3162(h)(7)(A) & (B).

Turning to Defendant's claim of unreasonable delay, his Speedy Trial clock began on January 6, 2016, the day of his initial appearance within the Middle District of Alabama. *See* Doc. 40; 18 U.S.C. § 3161(b) (fixing the start date as either the defendant's indictment or his initial appearance in the district in which his charges have been filed, whichever occurs later).  On the same day, however, the court excluded all time from January 6, 2015

through April 4, 2016 based on the exact finding contemplated by § 3162(h)(7)(A)—that is, "that the ends of justice served by setting this case on [the April 4, 2016] trial term outweigh the best interest of the public and the defendant in a speedy trial." Doc. 40 at 3. The court stated the basis for this finding, which included the parties' need for adequate time to review voluminous discovery materials and to prepare for trial. Doc. 40 at 2–3. This time was therefore properly excluded.

On March 3, 2016, a co-defendant filed an unopposed motion to continue the trial. Doc. 59.  This continuance was granted, and on March 9, 2016, the court issued an order continuing trial to the August 1, 2016 trial term and excluding the time from April 4, 2016 through August 1, 2016. Doc. 61.  The court again explicitly found "that the ends of justice served by continuing this case outweigh the best interest of the public and Defendant in a speedy trial." Doc. 61 at 2.  In this instance, the continuance was designed to allow adequate time to file and dispose of pretrial motions. Doc. 61 at 2.[1]  As before, the court complied with the letter and spirit of the Speedy Trial Act, and therefore the exclusion is valid.  As a result, Defendant has accrued, in total, only one day that counts against his Speedy Trial clock—the day of his arraignment.

Notwithstanding Defendant's failure to establish a violation of the Speedy Trial Act, in the "unusual case" the Sixth Amendment serves as a backstop against unreasonable delay. *Davenport*, 935 F.2d at 1238 (citations omitted).  The Supreme Court has identified

---

[1] In granting the motion, the court also noted 18 U.S.C. § 3161(h)(6)'s allowance for reasonable delay where a co-defendant's Speedy Trial clock has not yet run and the trials have not been severed. Doc. 61 at 2. Defendant does have a pending motion to sever his trial from that of his co-defendants' (Doc. 55), but at Defendant's request the court is reserving a ruling on this motion until the co-defendants' motions to suppress (Docs. 54 & 56) have been resolved.

"four factors that should be considered in determining whether a defendant received a speedy trial under the Sixth Amendment: (1) the length of the delay; (2) the reason for the delay; (3) whether and how the defendant asserted the right to a speedy trial; and (4) the amount of prejudice suffered by the defendant." *Id*. at 1239 (citing *Barker v. Wingo*, 407 U.S. 514, (1972)). As with pre-indictment delay, Defendant has provided the court no basis on which to conclude that his Sixth Amendment rights have been violated. There has been no effort to prove prejudice, and nothing about the lag time from the date of the offenses to the current trial setting is categorically unreasonable. Under these circumstances, Defendant's argument for dismissal based on post-indictment delay also fails.

C.     **Sufficiency of the Evidence**

Finally, Defendant moves for dismissal of the conspiracy charge against him,[2] arguing that there is insufficient evidence to support it. *See* Doc. 96 at 3 ("Mr. Carthen denies any involvement in the alleged crimes . . . . [T]he statements of the Co-defendants are the only major evidence that can potentially implicate him in any way in this case."). This argument is premature. Trial courts sitting within the Eleventh Circuit may not "look[] beyond the face of the indictment and rul[e] on the merits of the charges" before trial. *United States v. Salman*, 378 F.3d 1266, 1267 (11th Cir. 2004). Because there is no indication Defendant's indictment was improper, "the government is entitled to present its

---

[2] Defendant cites to 18 U.S.C. § 371, the general criminal conspiracy statute. Doc. 96 at 3. He has not been charged with a conspiracy offense under this statute, but rather with a conspiracy under 18 U.S.C. § 1951. *See* Doc. 4.

evidence at trial and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." *Id*. (citing *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000)).  For this reason, any attempt to have Defendant's charges dismissed on the merits must fail.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Motion to Dismiss All Charges Against Defendant(s) (Doc. 96) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to this Recommendation on or before **July 5, 2016.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 20th day of June, 2016.

                                                  /s/ Gray M. Borden
                                    UNITED STATES MAGISTRATE JUDGE