IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CR-00511-RAH |
| | ) | [WO] |
| TREMANE CARTHEN | ) | |

## ORDER

Pending before the Court is Defendant Tremane Carthen's pro se *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)* (doc. 322) filed on April 8, 2024. The Defendant asserts a host of reasons that, according to him, are extraordinary and compelling so as to warrant a sentence reduction.

In November 2015, a jury found the Defendant guilty of crimes arising out of three armed robberies of Alabama gas stations in July 2014. The indictment alleged violations of the Hobbs Act, 18 U.S.C. § 1951(a), of 18 U.S.C. § 922(g)(1), and of 18 U.S.C. § 924(c), which imposed mandatory minimum prison sentences for any person who uses or carries a firearm in the course of a crime of violence. On December 5, 2016, the Defendant was sentenced to a term of fifty-seven years and one month of imprisonment. For the following reasons, the motion will be DENIED.

## DISCUSSION

The Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). While he throws in the kitchen sink of possible reasons for a sentence reduction, only two of the Defendant's reasons come close: he asserts that 1) a change in statutory law created a gross disparity between his original sentence and

a potentially amended sentence under current law, and 2) his medical conditions, including a worsening glaucoma among other ailments, warrant his release.[1]

A district court generally lacks the authority to reduce a criminal sentence unless there is a statutory exception. *See United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021); *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Compassionate release is one such exception. *Giron*, 15 F.4th at 1345. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, a court may modify a criminal sentence when a defendant demonstrates that he has exhausted his available administrative remedies, and "extraordinary and compelling reasons" warrant a sentence reduction. But any reduction in sentence for "extraordinary and compelling reasons" must be "consistent with [the United States Sentencing Commission's ("Commission")] applicable policy statements . . . ." 18 U.S.C. § 3582(c)(1)(A). Further, the 18 U.S.C. § 3553(a) sentencing factors must weigh "in favor of reduction." *Giron*, 15 F.4th at 1346 (citation omitted). After a defendant satisfies the exhaustion requirement, a court may analyze the remaining compassionate release prerequisites in any order. *See id.* at 1349. It is the defendant's burden to show that he satisfies these prerequisites. *See id.* at 1346 (analyzing whether the defendant made the required showing for relief); *United States v. Green,* 764 F.3d 1352, 1356 (11th Cir. 2014).

---

[1] The Defendant also lists his family circumstances and his suffering from abuse as extraordinary and compelling reasons for his release. While the Defendant does make serious accusations of sexual abuse, he provides no evidence of such. The Defendant submitted a case number of a dismissed civil action for one instance of the alleged abuse (doc. 322 at 13); however, only a criminal conviction or finding of civil or administrative liability establishes sexual abuse as an extraordinary and compelling reason for release. U.S.S.G. § 1b1.13(b)(4). The Defendant provided no evidence supporting his assertions that the proceedings, both past and present, were unduly delayed or that he is in imminent danger. *Id.* (providing that the misconduct may otherwise be established with evidence showing that the proceedings have been unduly delayed or the defendant is in imminent danger). Therefore, neither of these reasons, alone or in combination, rise to the requisite level of extraordinary and compelling for release. And even if they did, the § 3553(a) factors weigh heavily against release at this time.

Here, the Government concedes that the Defendant satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 328 at 2.) And the Defendant argues that he is entitled to a sentence reduction because he satisfies the extraordinary and compelling reason requirement. Even if the Defendant does satisfy this requirement, however, the sentencing factors weigh against reduction.

## I.     Extraordinary and Compelling Reason Requirement

At this time, the Defendant has not met his burden to show an extraordinary and compelling reason for release. The applicable policy statement enumerates a list of qualifying "extraordinary and compelling reasons" to reduce a criminal sentence. U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2023) [hereinafter U.S.S.G]; *see also* 28 U.S.C. § 994(t) (directing the Commission to explain what reasons are extraordinary and compelling such that they warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)). The following six circumstances, considered either in combination or individually, permit the court to reduce a sentence under 18 U.S.C. § 3582(c)(1)(A): (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13(b)(1)-(6). In addition to this requirement, a court must determine that "[t]he defendant is not a danger to the safety of any other person or to the community," and "[t]he reduction is consistent with this policy statement." *Id.* § 1B1.13(a)(1)(B)(2)–(3).

Here, the Defendant argues that (1) a change in law renders his sentence unusually long, warranting a reduced sentence, and (2) his serious medical conditions compel his release.

### A.     Unusually Long Sentence and the First Step Act

The Defendant asserts that an extraordinary and compelling reason for compassionate release exists because the First Step Act § 403(a) now prohibits

"'stacking' [18 U.S.C.] § 924(c) charges arising from the same crime," (doc. 322 at 11), creating a "disparity" between his original sentence and a potentially amended sentence under current law (*id.* at 12). Usually, a court should not consider "a change in law" for the purpose of determining the existence of an extraordinary and compelling reason for release. U.S.S.G. § 1B1.13(c). Section 1B1.13(b)(6), however, is the exception. Under this section, the Commission instructs that an extraordinary and compelling reason to reduce a sentence may exist if the defendant shows that 1) his sentence is "unusually long"; 2) he has served at least ten years of his sentence; 3) there was a change in law that "produce[d] a gross disparity between the sentence being served and the sentence [that would have been] imposed [had the defendant been sentenced] at the time the motion [was] filed"; and 4) "full consideration" of the defendant's individualized circumstances support a grant of relief.

The First Step Act modified the twenty-five-year mandatory minimum enhancement for second or subsequent convictions under 18 U.S.C. § 924(c) by requiring its application only if the prior conviction was obtained in a separate case resulting in a final judgment, thus eliminating the process of sentence "stacking" within the same indictment. *See* 18 U.S.C. § 924(c)(1)(C) (as amended by the First Step Act of 2018); *United States v. Hernandez*, 107 F.4th 965, 968 (11th Cir. 2024). While the plain language of Section 403 of the First Step Act prohibits retroactive application, nothing in its text prohibits district courts from considering changes in law in their contemplation of compassionate release. *See Concepcion v. United States*, 597 U.S. 481, 499–501 (2022).

Here, even assuming that the Defendant met the first three § 1B1.13(b)(6) requirements, [2] a "full consideration" of the Defendant's individualized

---

[2] The Court notes that the parties dispute whether the Defendant has served ten years of his sentence. But, again, this is irrelevant to the Court's analysis at this time.

circumstances is not yet appropriate. U.S.S.G. § 1B1.13(b)(6). The Defendant is correct that Section 403 of the First Step Act creates a disparity between his current sentence and a sentence under current law. But if sentenced today, the Defendant would still be ten years away from completing a mandatory sentence. *See* 18 U.S.C. § 924(c)(1)(A)(ii) (mandating a statutory minimum term of imprisonment of not less than seven years for brandishing counts).[3] A "full consideration of the [D]efendant's individualized circumstances," U.S.S.G. § 1B1.13(b)(6), will be more appropriate after the Defendant has completed what would be the mandatory term under current sentencing guidelines and law. This will afford the Defendant more time to 1) show both himself and the Court that he is capable of continuing to better himself and 2) establish a pattern of clear conduct. Further, the Defendant concedes that a disparity does not necessarily compel a reduction because the change in law is not retroactive. (Doc. 322 at 9; doc. 334 at 4.); *see also Concepcion*, 597 U.S. at 500–01.

### B. Medical Conditions

The Defendant also raises his medical conditions as an additional extraordinary and compelling reason supporting his sentence reduction, specifically his "Glaucoma eye disease and cataract[s]" for which he needs surgery to preserve his vision; his history of chronic pain and susceptibility to illness resulting from injuries sustained in a motor vehicle accident prior to incarceration; and his need of treatment from outside physicians for severe migraines and post-traumatic stress disorder ("PTSD"). (Doc. 322 at 8.)

---

[3] The Government does not directly challenge that the Defendant failed to meet the § 1B1.13(b)(6) requirements and instead argues that the Commission lacks authority to promulgate § 1B1.13(b)(6). But the Government also concedes that most district courts have upheld the Commission's authority. (Doc. 328 at 5–6.) Because the Defendant's § 1B1.13(b)(6) arguments fail regardless, the Court need not address the issue of the Commission's authority.

Section 1B1.13(b)(1) expands upon the categories of medical conditions that satisfy the extraordinary and compelling requirement. The first category requires that the defendant "is suffering from a terminal illness," meaning the illness is serious and advanced "with an end-of-life trajectory." U.S.S.G. § 1B1.13(b)(1)(A). The second category requires that the defendant suffer from a medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13(b)(1)(B). The third category, relevant here, requires that the defendant's medical condition demands "specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C).

Here, the Defendant's medical conditions do not satisfy any category that constitutes an extraordinary and compelling reason for release. *Id.* § 1B1.13(b)(1). While the Defendant's medical conditions may be serious, he has submitted no supporting evidence that any of his medical conditions have an end-of-life trajectory, that he is not expected to recover from his ailments, or that his conditions have substantially diminished his ability to provide self-care while incarcerated. *See id.* § 1B1.13(b)(1)(A)–(B). The Defendant asserts that he has been denied specialized medical care for his medical conditions, but there is also no evidentiary basis of such denial. *Id.* § 1B1.13(b)(1)(C). Therefore, the Defendant failed to show that his medical conditions constitute an extraordinary and compelling reason for release.

Because the Defendant has failed to show an extraordinary and compelling reason that warrants a sentence reduction, the motion will be denied. But even if the Defendant had provided such reasons, the sentencing factors weigh against the Defendant's release at this time.

## II.    Sentencing Factors

Before granting a sentence reduction, the Court must also consider the sentencing factors set forth at 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the individual, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the defendant. *See id.* § 3553(a).

In this case, the nature and circumstances of the Defendant's offenses considered in addition to his criminal history do not favor release. *See id.* A jury found the Defendant guilty of one count of conspiracy to commit a Hobbs Act violation and multiple counts of Hobbs Act violations, which qualify as crimes of violence under 18 U.S.C. § 924(c). *See United States v. Brinson*, No. 23-10674, 2024 WL 3548883, at *1 (11th Cir. July 26, 2024) (per curiam). He was also convicted of three brandishing counts in relation to the same set of robberies on which his conviction was based. And during one of these robberies, a bystander's head was struck with a pistol, which, whether or not that was the Defendant's action, exemplifies the violent nature of the Defendant's crimes.

The Defendant has a lengthy criminal history, boasting consistent arrests from the time he was eighteen until his recent incarceration, indicating that he continues to pose a danger to the public, which was a factor considered at sentencing. (Doc. 283 at 7.) Though most were ultimately not prosecuted, the Defendant's criminal history shows a number of arrests including possession of controlled substances, attempted murder, multiple robberies, and even kidnapping. Also considered at sentencing was the Defendant's unlikelihood of rehabilitation. (Doc. 283 at 7.)

Finding that it was statutorily bound to impose consecutive enhanced sentences related to § 924(c) of an initial eighty-four months, followed by two terms of 300 months to be served consecutively, the sentencing court aggregated the

sentences for the Hobbs Act violations and the felon in possession of a firearm into just one month. Although the sentencing court found the fifty-seven years to be unreasonable in light of the sentencing factors (doc. 283 at 7–8), the court ultimately imposed a sentence that was below the guideline range. (*See id.* at 2); s*ee also* U.S.S.G. §§ 5G1.1, 5G1.2.

The sentencing factors do not favor the Defendant's release at this time. The violent nature and circumstances of the instant offense, considered alongside the Defendant's lengthy criminal history, which lends to his need for deterrence and the need to protect the public from further crimes of the Defendant, weigh against his release or reduction in sentence. 18 U.S.C. § 3553(a).

The Court commends the Defendant on his decision to take steps in bettering himself and encourages him to continue his rehabilitation efforts. The Court suggests that the Defendant file a new motion for sentence reduction eight to ten years from the date of this Order. The Court then will evaluate the Defendant's full circumstances and progress and reevaluate whether the sentencing factors weigh in favor of a sentence reduction at that time.

## CONCLUSION

The Defendant's *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)* (doc. 322) is **DENIED**.

**DONE** and **ORDERED** on this the 18th day of June.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE